**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| e-WATCH, INC. | § | |
| Plaintiff | § | Civil Case No.  5-12-cv-492 |
| | § | |
| v. | § | |
| | § | Jury demanded |
| MOBOTIX CORP | § | |
| Defendant | § | |
| | § | |

---

## COMPLAINT

---

Comes Now **e-WATCH, INC**., complaining of **MOBOTIX CORP**, and for cause of

action respectfully shows as follows:

### PARTIES

1.      Plaintiff **e-WATCH, INC.**. is a Nevada Corporation with its principal office in San

Antonio, Texas.

2.      Defendant **MOBOTIX CORP** is a Delaware corporation with its principal office at

110 Wall Street, 22nd Floor, New York, NY 10005.  It may be served with process by serving its

registered agent for service of process, United Corporate Services, Inc. Ten Bank Street, Suite

560, White Plains, NY 10606.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338(a), because Plaintiff's claims arise under federal laws relating to patents and unfair

competition.

4.      This Court has personal jurisdiction over the Defendant because it transacts

business within geographic boundaries of the Western District of Texas, and it has committed acts of patent infringement within the geographic boundaries of the Western District of Texas.

5.      Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because the Defendant is subject to personal jurisdiction in this judicial district, the Defendant regularly conducts business in the state of Texas and within this judicial district, and the Defendant has committed acts of infringement within this judicial district.

## FACTS

6.      e-Watch develops and markets hardware, software and services that are essential to modern professional security surveillance systems.

7.      Video surveillance systems began with closed circuit television cameras feeding monitors that required constant viewing by security personnel.  With the introduction of the videocassette, video surveillance systems became mainstream because the camera feed could be recorded, obviating the need for constant human monitoring.  Multiple cameras were placed around the area to be observed and were each connected to a central monitoring station via dedicated wired connections such as coaxial cable.  Although these systems could produce full motion video images, local monitoring was required because the distance between the camera and the monitoring station was severely limited.  Additional improvements were made allowing cameras to transmit signals via the public-switched telephone network to allow for remote monitoring, however because of bandwidth limitations the video image in terms of both frame rate and resolution was severely degraded.  In all cases, however, these systems produced relatively low quality video images that had to be transmitted to a centralized monitoring facility.

8.      e-Watch has developed and marketed a digital camera system, which, among

other things, has the capability of creating high resolution still and streaming video signals from a multiplicity of image transducers, compressing the digital image signal, and sending a multiplicity of image signals over a digital network.  The advantage of e-Watch's technology is, among other things, that it allows live monitoring and digital recording of high resolution, full frame rate, color images, either on site, offsite, or in distributed locations.

9.      e-Watch is the owner of United States Patent No. 7,023,913 filed on June 14, 2000 and issued on April 4, 2006. (the "'913 Patent").  The digital camera surveillance systems marketed by e-Watch incorporate claims included this patent.

10.      e-Watch is the owner of United States Patent No. 7,733,371 filed on November 14, 2005 and issued on June 8, 2010.  (the "'371 Patent").  The digital camera surveillance systems marketed by e-Watch incorporate claims included this patent.

11.      On information and belief the Defendant, Mobotix Corp., makes, uses and sells, or attempts to make, use or sell, or otherwise provides throughout the United States and within the geographical area covered by the United States District Court for the Western District of Texas products and services which utilize the systems and methods described by claims in the '913 Patent and the '371 Patent.

**CLAIM FOR INFRINGEMENT OF THE '913 PATENT**

12.      Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

13.      The '913 Patent describes technology for a digital security multimedia sensor utilizing a digital camera system with the capability of providing high resolution still image and streaming video signals via a network to a security and surveillance system.

14.     The '913, Patent is valid and enforceable.

15.     The Defendant has and continues to infringe, contributorily infringe or actively induce the infringement of the '913 Patent by using, selling and offering for use or sale products and services within this judicial district which incorporate e-Watch's patented technology. The Defendant is offering for sale or use, or selling or using these products without license or authority from e-Watch. The claims of the patent are either literally infringed or infringed under the doctrine of equivalents. These infringing acts of the Defendant are committed in violation of 35 U.S.C. § 271.

16.     Upon information and belief, Plaintiff alleges that the acts of infringement by the Defendant is willful, making this an exceptional case under 35 U.S.C. § 285.

17.     Upon information and belief, Plaintiff further alleges that the actions of the Defendant have resulted in substantial lost profits to the Plaintiff, and substantial unjust profits and enrichment to the Defendant, all in amounts yet to be determined. Plaintiff at all times has been and is now willing to grant licenses to qualified parties, including the Defendant, for the use of its patented technology, at a reasonable royalty rate. Defendant's act of infringement has caused irreparable harm to the Plaintiff and will continue to do so unless enjoined by the Court.

**CLAIM FOR INFRINGEMENT OF THE '371 PATENT**

18.     Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

19.     The '371 Patent describes technology for a digital security multimedia sensor utilizing a digital camera system with the capability of providing high resolution still image and streaming video signals via a network to a security and surveillance system.

20.    The '371, Patent is valid and enforceable.

21.    The Defendant has and continues to infringe, contributorily infringe or actively induce the infringement of the '371 Patent by using, selling and offering for use or sale products and services within this judicial district which incorporate e-Watch's patented technology.  The Defendant is offering for sale or use, or selling or using these products without license or authority from e-Watch.  The claims of the patent are either literally infringed or infringed under the doctrine of equivalents.  These infringing acts of the Defendant are committed in violation of 35 U.S.C. § 271.

22.    Upon information and belief, Plaintiff alleges that the acts of infringement by the Defendant is willful, making this an exceptional case under 35 U.S.C. § 285.

23.    Upon information and belief, Plaintiff further alleges that the actions of the Defendant have resulted in substantial lost profits to the Plaintiff, and substantial unjust profits and enrichment to the Defendant, all in amounts yet to be determined.  Plaintiff at all times has been and is now willing to grant licenses to qualified parties, including the Defendant, for the use of its patented technology, at a reasonable royalty rate.  Defendant's act of infringement has caused irreparable harm to the Plaintiff and will continue to do so unless enjoined by the Court.

**DAMAGES**

24.    As a result of Defendant's infringement, Plaintiff has suffered actual and consequential damages, however, Plaintiff does not yet know the full extent of such damages and such extent cannot be ascertained except through discovery and special accounting.  To the fullest extent permitted by law, Plaintiff seeks recovery of damages for lost profits, reasonable royalties, unjust enrichment, and benefits received by the Defendant as a result of using the

misappropriated technology.  Plaintiff seeks any other damages to which it may be entitled in law or in equity.

25.     Defendant's infringement was committed intentionally, knowingly, and with callous disregard of Plaintiff's legitimate rights.  Plaintiff is therefore entitled to and now seeks to recover exemplary damages in an amount not less than the maximum amount permitted by law.

## ATTORNEYS FEES

26.     Plaintiff is entitled to recover reasonable and necessary attorneys fees under applicable law.

## CONDITIONS PRECEDENT

27.     All conditions precedent to Plaintiff's right to recover as requested herein have occurred or been satisfied.

## JURY DEMAND

28.     Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff e-Watch, Inc. asks that Defendant Mobotix Corp be cited to appear and answer and, on final trial, that Plaintiff have judgment against Defendant for the following:

    a.     Actual economic damages;

    b.     Exemplary treble damages as allowed by law;

    c.     Permanent injunction;

    d.     Attorney fees;

e.      Pre-judgment and post-judgment interest as allowed by law;

f.      Costs of suit; and

g.      All other relief in law or in equity to which Plaintiff may show itself justly
        entitled.


                        Respectfully submitted,

                        _____

                        W. Shawn Staples ▪ TBN 00788457
                        Stanley Frank & Rose
                        7026 Old Katy Rd., Suite 259
                        Houston, Texas 77024
                        Tel: 713-980-4381 ▪ Fax: 713-980-1179
                        wsstaples@stanleylaw.com
                        Attorney in Charge for e-Watch, Inc.