# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

e-WATCH, INC.,

      Plaintiff,

v.

    CIVIL NO. SA-12-CA-492-FB

MOBOTIX CORP,

      Defendant.

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:   **Honorable Fred Biery**
       **Chief United States District Judge**

Pursuant to the order of referral of the above-styled and numbered cause to the undersigned United States Magistrate Judge for pretrial management,[1] and consistent with the authority vested in United States Magistrate Judges under the provisions of 28 U.S.C. § 636 and Rule 1 of the Local Rules for the Assignment of Duties to United States Magistrate Judges, Appendix C to the Local Rules for the Western District of Texas, the following report is submitted for your review and consideration of defendant Mobotix Corp's ("defendant" or "Mobotix") motion for immediate stay pending *inter partes* review at the U.S. Patent and Trademark Office ("USPTO"), filed May 6, 2013.[2]

## I. JURISDICTION

Subject matter jurisdiction is noted pursuant to 28 U.S.C. §§ 1331 and 1338(a) because

---

[1] Docket no. 19.

[2] Docket no. 22.  To be clear, plaintiff's complaint, Mobotix's answer, and plaintiff's answer to Mobotix's counterclaim identify defendant as "Mobotix Corp," with no punctuation. See docket  no. 1 at 1; docket no. 5 at 1; docket no. 9 at 1; docket no. 10 at 1; docket no. 11 at 1.

plaintiff asserts claims arising under federal laws relating to patents and unfair competition.

## II. SUMMARY OF PROCEDURAL HISTORY

Plaintiff, e-Watch, Inc. ("plaintiff" or "e-Watch"), initiated the case on May 17, 2012, when it filed its original complaint for patent infringement against Mobotix.[3] Plaintiff alleges it is a Nevada corporation with a principal place of business in San Antonio, Texas, and Mobotix is a Delaware corporation with a principal place of business in New York.[4] The case concerns patents for use in digital camera systems, such as those used for surveillance systems. Plaintiff asserts:

> e-Watch has developed and marketed a digital camera system, which, among other things, has the capability of creating high resolution still and streaming video signals from a multiplicity of image transducers, compressing the digital image signal, and sending a multiplicity of image signals over a digital network. The advantage of e-Watch's technology is, among other things, that it allows live monitoring and digital recording of high resolution, full frame rate, color images, either on site, offsite, or in distributed locations.[5]

Plaintiff alleges Mobotix makes, uses, sells, and provides, or attempts to do so, products which use the systems and methods described by claims in patents owned by e-Watch.[6]

Plaintiff has twice amended its complaint. Plaintiff's original complaint alleged infringement of two patents owned by e-Watch: United States Patent No. 7,023,913 ("the '913

---

[3] Docket no. 1.

[4] Id. at 1.

[5] Id. at 2-3, ¶ 8. See also docket no. 5 at 3, ¶ 8; docket no. 9 at 3, ¶ 8.

[6] Docket no. 1 at 3.

patent") and United States Patent No. 7,733,371 ("the '371 patent").[7]  Plaintiff's first amended

complaint, filed on July 20, 2012, alleged infringement of five patents owned by e-Watch: the

'913 and '371 patents, and also United States Patent No. 6,970,183 ("the '183 patent"), United

States Patent No. 7,228,449 ("the '429 patent"), and United States Patent No. 7,895,396 ("the

'396 patent").[8]  Plaintiff's second amended complaint, filed on October 12, 2012—plaintiff's

"live" pleading—alleges infringement of four patents owned by e-Watch: the '913 patent, '371

patent, '183 patent, and the '429 patent (collectively, the "patents-in-suit").[9]

> Plaintiff's second amended complaint asserts Mobotix
>
> makes, uses and sells, or attempts to make, use or sell, or otherwise provides
> throughout the United States and within the geographical area covered by the
> United States District Court for the Western District of Texas products and
> services which utilize the systems described by claims in the '913, '371, '183, and
> '429[] Patents, namely, including but not limited to the Mobotix M12, D14, M24,
> Q24, S14, and T24 series cameras.  Each of these products infringe claims of the
> aforementioned patents.[10]

Plaintiff seeks an award of actual and consequential damages, to include "lost profits, reasonable

royalties, unjust enrichment, and benefits received by the Defendant as a result of using the

misappropriated technology," exemplary treble damages, a permanent injunction, reasonable and

---

[7]  Id. at 3-5.  Plaintiff alleges the '913 patent was filed on June 14, 2000, and issued on
April 4, 2006; and the '371 patent was filed on November 14, 2005, and issued on June 8, 2010.
Id. at 3, ¶¶ 9, 10.  See also docket no. 5 at 3, ¶¶ 9, 10; docket no. 9 at 3, ¶¶ 9, 10.

[8]  Docket no. 5 at 3-9, ¶¶ 9-12.  Plaintiff alleges the '183 patent was filed on June 14,
2000, and issued on November 29, 2005; and the '429 patent was filed on September 21, 2001,
and issued on June 5, 2007.  Id. at 3, ¶¶ 11, 12.  See also docket no. 9 at 3, ¶¶ 11, 12.

[9]  Docket no. 9 at 3, ¶¶ 9-12, and 3-7.  To be clear, e-Watch's second amended complaint
does not allege infringement of the '396 patent.

[10]  Id. at 3-4, ¶ 13.

necessary attorneys fees, pre- and post-judgment interest, costs, and such other relief in law and

equity to which e-Watch may be entitled.[11]  Plaintiff demands a trial by jury.[12]

On November 2, 2012, Mobotix filed an answer to e-Watch's second amended complaint

and counterclaims.[13]  Mobotix admits

> it sells, attempts to sell, or otherwise provides in the United States or in the
> Western District of Texas products identified as Mobotix M12, D14, M24, Q24,
> S14, and T24 series cameras ("the Asserted Products").  Mobotix denies that it
> makes or uses, or attempts to make or use, the Asserted Products in the United
> States or in the Western District of Texas.[14]

Mobotix denies that any of its products or services use the systems and methods described by, or

infringe, the patents-in-suit.[15]  Mobotix asserts seven defenses, including: noninfringement of the

patents-in-suit; invalidity of the patents-in-suit; e-Watch is "estopped from asserting

constructions of the claims of the Patents-in-Suit that read on any accused product of Mobotix

and from construing any valid claim of the Patents-in-Suit to be infringed literally or under the

doctrine of equivalents;" any recovery for alleged infringement of the '913 and '183 patents are

limited by 35 U.S.C. § 286; damage claims are limited by 25 U.S.C. § 287; recovery of costs is

barred by 35 U.S.C. § 288; and the claims fail to state a claim upon which relief may be

granted.[16]  Mobotix also asserts eight counterclaims consisting of noninfringement and invalidity

---

[11]  Id. at 7-8.

[12]  Id. at 8, ¶ 34.  See also docket no. 1 at 6, ¶ 28; docket no. 5 at 9, ¶ 49.

[13]  Docket no. 10.

[14]  Id. at 3, ¶ 13.

[15]  Id.

[16]  Id. at 6-7, ¶¶ 36-42.

of each of the patents-in-suit.[17]  Mobotix seeks relief on its counterclaims consisting of declarations of noninfringement and invalidity and an award of attorneys fees and costs.[18] Mobotix demands a jury trial on its counterclaims.[19]

On November 26, 2012, e-Watch filed an answer to Mobotix's counterclaims, admitting jurisdiction and certain facts, denying other material facts, and again demanding a trial by jury.[20] Plaintiff asks that each of Mobotix's counterclaims be dismissed and that e-Watch be awarded its attorneys fees, costs, pre- and post-judgment interest, and such other relief to which it maybe entitled.[21]

On February 22, 2013, the Court essentially approved the agreed scheduling order submitted by the parties.[22]  In brief, the scheduling order sets deadlines for certain pretrial exchanges and submissions, including: disclosure of claims and infringement contentions and supporting documents by e-Watch; disclosure of invalidity contentions and supporting documents by Mobotix; the filing of a joint claim construction statement; claim construction briefs; and filing and service of expert witness designations and materials.[23]  The scheduling order also provides that the deadline for discovery and the filing of dispositive motions will be

---

[17] Id. at 15-19, ¶¶ 91-122.

[18] Id. at 19-20.

[19] Id. at 19.

[20] Docket no. 11 at 1-4, ¶¶ 3-34.

[21] Id. at 4-5.

[22] Docket nos. 12, 17, 20.

[23] Docket no. 20 at 1-4.

computed in reference to the Court's ruling on claim construction.[24]  The parties filed a "Rule 26(f) joint discovery/case management plan" on March 21, 2013.[25]

On May 6, 2013, Mobotix filed its motion for immediate stay pending *inter partes* review.[26]  On May 7, 2013, the Court entered an order calling upon e-Watch to file a response on or before May 16, 2013.[27]  On May 16, 2013, e-Watch filed its response and opposition.[28]  On May 17, 2013, Mobotix filed its reply.[29]

### III.  SUMMARY OF ARGUMENTS

**A.    Mobotix's Motion**

On May 6, 2013, Mobotix filed an opposed "motion for immediate stay pending *inter partes* review at the [USPTO]."[30]  Mobotix "asks the Court to immediately enter an order staying this case until the USPTO has completed *Inter Partes* Review proceedings for the Patents-in-Suit."[31]  According to Mobotix,

> 2.      *Inter Partes* Review ("IPR") is a new proceeding, available as of September 16, 2012, under the Leahy-Smith America Invents Act ("AIA").
>
> 3.      Under the AIA, a petitioner may challenge the validity of a patent for anticipation or obviousness under 35 U.S.C. §§ 102 and 103 "on the basis of

---

[24]  Id. at 4.

[25]  Docket no. 21.

[26]  Docket no. 22.

[27]  Docket no. 23.

[28]  Docket no. 24.

[29]  Docket no. 25

[30]  Docket no. 22.

[31]  Id. at 10.

6

prior art consisting of patents or printed publications." 35 U.S.C. § 311(b) (amended Sept. 16, 2011).

        4.      The Patent Trial and Appeal Board ("PTAB") shall conduct the IPR. 35 U.S.C. § 316(c). The PTAB must expeditiously conduct IPRs: the PTAB has up to six months from an IPR petition to decide whether to institute review, 35 U.S.C. § 314(b); then, a final determination on the validity of the patent is to be issued "not later than 1 year after the date on which the Director notices the institution of a review under this chapter, except that the Director may, for good cause shown, extend the 1-year period by not more than 6 months . . . ." 35 U.S.C. § 316(a)(11). The petitioner will be estopped at the district court from asserting that a reviewed claim in a patent "is invalid on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." 35 U.S.C. § 315(e)(2).[32]

In its motion, Mobotix advises it filed with the USPTO a petition for *inter partes* review for the '183 patent on April 26, 2013, and anticipates it will file petitions for *inter partes* review for the remaining three patents-in-suit—the '913 patent, the '429 patent, and the '371 patent—"no later than June 7, 2013."[33] Other than noting the six-month time limit, Mobotix's motion includes no representation about whether or when the PTAB will accept Mobotix's petitions for *inter partes* review of the patents-in-suit and institute review of the patents-in-suit.[34] According to one of the attachments to Mobotix's motion, e-Watch opposes Mobotix's motion for stay while a petition for *inter partes* review is pending, but may "consider whether a stay is appropriate or not" if the PTAB accepts a petition for *inter partes* review and initiates review.[35] Finally, Mobotix's proposed order submitted with its motion for stay includes language that would implement the requested stay through the conclusion of "any appeals" from the *inter*

---

[32] Docket no. 22, Swider Decl. at 1-2, ¶¶ 2-4.

[33] Docket no. 22 at 2.

[34] See id. at 4.

[35] Docket no. 22, Swider Decl., ex. F.

*partes* review determinations.[36]

## B.    e-Watch's Response

On May 16, 2013, e-Watch filed its response and opposition to the requested stay.[37]

Plaintiff makes six main arguments in support of its position that the requested stay should be

denied:

- Mobotix is estopped from seeking a stay because such a request implicitly violates the agreements of the parties regarding the scheduling in this case;[38]

- Mobotix could have asserted invalidity of any of the patents-in-suit in USPTO proceedings when it filed its counterclaims for invalidity in this case, but Mobotix impermissibly waited before filing a petition for review;[39]

- the timing of Mobotix's request suggests that Mobotix is seeking an unfair tactical advantage in the USPTO proceedings;[40]

- a stay is premature because the USPTO has not granted the request for review;[41]

- the parties are direct competitors and a stay will cause e-Watch to suffer irreparable harm from a competitor seeking to establish its products in United States markets;[42] and

- Mobotix's contention that a stay will simplify issues in this case is speculative.[43]

---

[36] Id. at proposed order.

[37] Docket no. 24.

[38] Id. at 4-5, 14.

[39] Id. at 13-14, 15.

[40] Id. at 12-13, 14.

[41] Id. at 8-10, 14.

[42] Id. at 5-7, 14.

[43] Id. at 8-10, 15.

Plaintiff opposes the stay arguing that, under a totality of the circumstances, its "right of access to the court to assert its good faith claims of infringement of a valid patent" should not be "prejudiced" by Mobotix's preference that all court matters await resolution of administrative reexamination proceedings that have not yet been initiated with respect to each of the patents-in-suit and could take two years to resolve.[44]

## C.     Mobotix's Reply

On May 17, 2013, Mobotix filed its reply in support of its motion for immediate stay pending *inter partes* review.[45]  Mobotix argues, in sum, that the immediate stay of this case will further the purpose of the new *inter partes* review procedure "to establish a more efficient and streamlined patent system that will improve patent quality *and limit unnecessary and counterproductive litigation costs*."[46]  Mobotix presents various arguments in support of its requested stay, each of which have been considered, but states its reply focuses on two points: the likelihood that the USPTO will grant Mobotix's petitions for *inter partes* review, and an example in which a court has granted a motion to stay pending an *inter partes* review prior to service of a defendant's invalidity contentions.[47]  On the first point, Mobotix asserts that in the first six months of the implementation of the new *inter partes* review procedure "the PTAB has instituted a trial for 22 out of the 23 petitions it decided."[48]  On the second point, Mobotix argues it is

---

[44] Id. at 2-15.

[45] Docket no. 25.

[46] Id. at 1 (emphasis in original; citation omitted).

[47] Id. at 1-2.

[48] Id. at 2 (citation omitted).

"reasonable" to stay this case "at least until the PTAB decides whether to institute an IPR trial" and cites two recent decisions: one from the United States District Court for the Central District of California in which "the court granted the motion to stay on April 3, 2013—more than two months before each party's proposed service date for defendant's invalidity contentions;"[49] and one from the United States District Court for the Northern District of California in which "the court granted the motion to stay on May 14, 2013—a month before defendant's proposed service date for its invalidity contentions."[50]

## IV. DISCUSSION

A.     **Stay Pending *Inter Partes* Review**

1.      standard

There is no material dispute between the parties as to the factors to be considered in evaluating Mobotix's request for a stay pending a patent reexamination.  Both sides acknowledge the determination is an equitable one,[51] committed to the "inherent power" and discretion of the trial court,[52] in which a court may consider specific factors, such as: "(1) whether the litigation is at an early stage; (2) whether a stay will simplify the issues in question; and (3) whether a stay

---

[49] Id. at 2 (citing Star Envirotech, Inc. v. Redline Detection, LLC, No. 8:12-cv-1861 (C.D. Cal. 2013)) (attached at docket no. 22, Swider Decl., ex. G; docket no. 25, Swider Decl. II, ex. J).

[50] Docket no. 25 at 3 (citing Pragmatus Telecom., LLC v. NETGEAR, Inc., No. C-12-6198 SBA (N.D. Cal. May 14, 2013)) (attached at docket no. 25, Swider Decl. II, exs. K, L).

[51] Docket no. 22 at 4-5; docket no. 24 at 3.

[52] Id.

10

would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."[53]  As

stated by the court in ImageVision.net, Inc. v. Internet Payment Exchange, Inc.:

> The court's "inherent power to conserve judicial resources by controlling its own
> docket" includes the discretion to stay a litigation, which has been found to extend
> to patent cases where a reexamination by the Patent and Trade[mark] Office has
> been requested.  "In determining whether a stay is appropriate, the court's
> discretion is guided by the following factors: '(i) whether a stay would unduly
> prejudice or present a clear tactical disadvantage to the non-moving party; (ii)
> whether a stay will simplify the issues in question and trial of the case; and (iii)
> whether discovery is complete and whether a trial date has been set.'"  A final
> decision is made with an eye toward maintaining an even balance between the
> competing interests of the parties at issue.  "In maintaining that even balance, the
> Court must consider whether 'there is even a fair possibility that the stay would
> work damage on another party.'"[54]

## 2.       relevant pretrial proceedings

As noted, e-Watch initiated this case approximately one year ago, on May 17, 2012.

Plaintiff filed its first amended complaint on July 20, 2012, and its second amended complaint,

its "live" pleading, on October 12, 2012.  But, the case was not joined until November 2, 2012,

when Mobotix filed its answer and counterclaims.  Plaintiff addresses the six-month arguable

"delay" in the joinder of its claims by reference to pre-answer discussions in furtherance of a

possible settlement.  On November 26, 2012, e-Watch filed an answer to the counterclaims.

On February 13, 2013—more than two months before Mobotix filed its first application

for *inter partes* review—after pretrial discussions and conferences, the parties filed a detailed,

---

[53]  Docket no. 22 at 5; docket no. 24 at 2.

[54]  C.A. No. 12-054-GMS-MPT, 2012 WL 3866677, at *1 (D. Del. Sept. 4, 2012) (report
of Hon. Mary Pat Thynge, U.S. Mag. J.) (notes omitted) (attached at docket no. 24, ex. 8); 2012
WL 5599338, at *2-*4 (D. Del. Nov. 15, 2012) (decision of Hon. Gregory M. Sleet, U.S. Dist. J.,
overruling objections and finding report's "statement of the applicable legal standard is correct
and not contrary to law") (attached at docket no. 24, ex. 8; docket no. 25, Swider Decl. II, ex. P).

joint proposed scheduling order.  On February 22, 2013, after the case was referred to the

undersigned for pretrial management, the undersigned essentially approved the parties' agreed

scheduling order that then was filed to govern pretrial proceedings.

In accordance with the scheduling order, approximately one month later, on or before

March 29, 2013, e-Watch served on Mobotix its infringement disclosures.  The disclosures were

served, not filed, but it would appear to be reasonable to understand the disclosures are detailed,

as under the agreed scheduling order, e-Watch's initial infringement disclosures were required to

meet the following, agreed standards regarding each of the four patents-in-suit:

> Plaintiff will serve disclosures sufficient to identify (i) each claim of each
> patent-in-suit [that] is allegedly infringed; (ii) the accused instrumentality of
> infringement; (iii) where each element of each asserted claim is found within each
> accused instrumentality; and (iv) the priority date to which each claim is allegedly
> entitled.  In addition, Plaintiff will produce or make available for copying or
> inspection the following documents for each patent-in-suit: (i) documents
> showing each discussion with, disclosure to, or other manner of providing to a
> third party, or sale of or offer to sell, the claimed invention before the application
> date; (ii) documents created before the earlier of the application date or priority
> date which evidence the conception, reduction to practice, design and
> development of each claimed invention; (iii) the file history; (iv) license
> agreement.[55]

Mobotix has raised no issue about the adequacy or completeness of e-Watch's initial disclosures

of infringement.

Almost one month later, on April 26, 2013, Mobotix filed its first petition with the

USPTO seeking *inter partes* review of one of the patents-in-suit, the '183 patent.  According to

---

[55] Docket no. 20 at 1.  The scheduling order also provided that "Production of documents hereunder does not constitute an admission of authenticity or that the document is evidence of or is prior art," id., and that after the time of serving its initial infringement disclosures, e-Watch is required "to obtain leave of court to add and/or amend infringement contentions and add new patents or claims," id. at 2.

e-Watch, the USPTO "rejected that Petition, and on May 6, 2013, Mobotix filed a substantially similar amended Petition. Plaintiff has until on or about August 5th to file a response to the [amended] Petition with the USPTO."[56] According to e-Watch, "the USPTO did not 'reject' Mobotix's Petition for the '183 Patent filed on April 26, 2013," but "identified three non-substantive 'defects' in the original Petition and required correction of those defects," accepting the amended petition as of its original filing date of April 26, 2013.[57]

Mobotix represents that it "definitely" will file petitions for *inter partes* review of each of the other patents-in-suit by June 7, 2013.[58] Under the *inter partes* review procedure, effective on September 16, 2012, the USPTO has up to six months from the time of filing of a petition to decide whether to accept review and then up to eighteen months to complete the review process.[59] A party can appeal the USPTO's reexamination determination.[60]

### 3. analysis

#### a. stage of the litigation in this Court

With respect to the stage of the litigation, the parties are just beginning to exchange disclosures in advance of the filing of a joint claim construction statement required to be filed in approximately six months. At the time of the filing of Mobotix's motion for stay, no discovery

---

[56] Docket no. 24 at 2.

[57] Docket no. 25 at 3 (citing docket no. 22, Swider Decl., ex. A at 86).

[58] Docket no. 22 at 2 ("All three [remaining] Petitions will definitely be on file with the USPTO no later than June 7, 2013"). See also id., Musselman Decl. at 2, ¶ 3.

[59] Docket no. 24 at 2, 6 & n.1; docket no. 22 at 9 ("IPRs are required to be completed within 12-18 months.").

[60] Id.; docket no. 22 at proposed order.

requests had been served. The case is more than one year old, in part because e-Watch participated in pre-answer negotiations in furtherance of a possible out-of-court resolution. No pre-answer settlement was reached and, as of that time, e-Watch resolved "there would be no resolution of the matter short of summary disposition or a jury verdict."[61] Thus, although the case is more than one year old, a pre-answer delay of approximately six months occurred only because e-Watch invited, or acceded, to it.

Nevertheless, Mobotix filed its request for *inter partes* review of the '183 patent more than eight months after Mobotix waived service, more than five months after Mobotix filed its answer, and approximately one month after e-Watch served its initial infringement disclosures and documents. Mobotix argues that "any delay by Mobotix in filing the IPRs is reasonable and justified" because it was "prudent" for Mobotix to wait for e-Watch's infringement disclosures to learn "which claims Plaintiff is asserting but, more importantly, how Plaintiff is interpreting those claims."[62] But, as noted by e-Watch with respect to the one patent-in-suit for which Mobotix has filed a petition for *inter partes* review, e-Watch asserts one independent claim and eight dependent claims of the '183 patent, yet Mobotix seeks *inter partes* review of the nine claims asserted by e-Watch as well as twenty-one additional claims of the '183 patent.[63] Mobotix has not provided a detailed explanation of how e-Watch's infringement disclosures assisted in the preparation of the *inter partes* review petition for the '183 patent (other than, arguably, settling the record that Mobotix was not failing to seek *inter partes* review of a claim of the '183

---

[61] Docket no. 24. at 11.

[62] Docket no. 22 at 10, and Swider Decl. at 2, ¶ 6.

[63] Docket no. 24 at 13.

patent at issue).  Mobotix also has not explained why, given the procedural history of this case, it is "reasonable and justified" for Mobotix to wait for and use e-Watch's disclosure of asserted claims, infringement contentions, and documents to prepare a petition for *inter partes* review, but it is not justified to permit e-Watch to receive and use Mobotix's invalidity contentions and documents to prepare an answer to a petition for *inter partes* review.  Thus, although this case is in its early stages, which weighs in favor of a stay, it has progressed past the date by which e-Watch was required to serve, and did serve, its disclosure of asserted claims, infringement contentions, and documents, a matter discussed further below.

        **b.**      **simplification of issues and trial**

With respect to simplification of the issues and trial, Mobotix's position that the *inter partes* review proceedings will simplify issues to be decided in this case appears to be more an aspiration than any guarantee.  The *inter partes* review proceeding, concerning only one patent-in-suit at this point, is just beginning and the USPTO has not yet decided to grant review.  Although Mobotix has submitted a "survey of the PTAB decisions for the first seven months of the IPR procedure [that] suggests a roughly 89% institution rate,"[64] the USPTO has not yet decided to grant review of the '183 patent nor has Mobotix yet filed petitions to review the other patents-in-suit.  Thus, as argued by e-Watch,[65] Mobotix's request for a stay arguably is premature.

Mobotix argues the review proceedings will "simplify this litigation by likely invalidating

---

[64] Docket no. 25 at 2, and Swider Decl. II, ex. I.

[65] Docket no. 24 at 8 ("at best, a request for a stay is extremely premature").

15

and/or changing all asserted claims,"[66] in part because there is no presumption of validity in the *inter partes* proceedings and the preponderance of evidence standard of proof will apply.[67] But, there is a presumption of validity in this Court, the PTAB has not yet instituted an *inter partes* review for any patent-in-suit, and Mobotix cannot assure the Court any particular claim of any patent-in-suit will be invalidated or changed in an *inter partes* review such that any claim construction or other matter in this Court will be "simplified." That Mobotix "will be estopped at the district court from asserting that any claim of the reviewed patent 'is invalid on any ground that the petitioner raised or reasonably could have raised during the *Inter Partes* Review'"[68] seems relatively less significant, as Mobotix will be the "master" of its *inter partes* review petition and, presumably, will prepare sufficiently comprehensive petitions to allow for the litigative posture it may wish to advance in further proceedings in this Court.[69] As already noted, Mobotix seeks *inter partes* review of the nine claims of the '183 patent asserted by e-Watch as well as twenty-one additional claims of the '183 patent.[70] Further, even if "[a]ll statements made by the patentee during the prosecution form part of the public record and must be considered by the court during claim construction,"[71] as argued by e-Watch, "Defendant has no idea *if*

---

[66] Docket no. 22 at 7-8.

[67] Id. at 8 (citing 35 U.S.C. § 316(e)).

[68] Id. (citing 35 U.S.C. § 315(e)(2); further citation omitted).

[69] Mobotix's motion states that, with respect to the '183 patent, e-Watch has asserted "claims 1-3 and 5-11," id. at 1-2 n.2, and Mobotix's petition for *inter partes* review challenges the validity of "claims 1-25 and 32-34 of the '183 patent," id. at 2.

[70] Docket no. 24 at 13.

[71] Id. at 9.

statements will be made, much less _what_ statements will be made during the review process."[72]

Moreover, Mobotix has asserted affirmative defenses and counterclaims for all grounds available under §§ 101, 102, 103 and 112, but an _inter partes_ review may be made "only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications."[73]  Thus, Mobotix cannot rule out the possibility that further proceedings in this Court will be required even if Mobotix receives a determination from the PTAB that is favorable to its position in this case.

In sum, although the Court welcomes the opportunity to simplify issues in a patent case with claims of infringement and invalidity pertaining to dozens of claims in four patents-in-suit, given the stage of the _inter partes_ review proceedings at this point, whether the _inter partes_ review proceedings will simplify the issues to be determined in this Court is yet to be known. Nevertheless, that the USPTO's _inter partes_ review decision(s) might invalidate a patent or limit asserted patent claims at some point in time after, under the current scheduling order, the parties have incurred the expense of preparing claim construction statement(s) and the Court has begun the process of claim construction, or has construed claims—the result of e-Watch's request to deny the stay—decidedly would complicate the issues in, and expenses of, this case.   As observed by the United States District Court for the Central District of California in Semiconductor Energy Laboratory Company v. Chimei Innolux Corporation:

> As this Court has previously noted, the amended standards for granting _inter_

---

[72]  Id. at 8 (emphasis in original).  Plaintiff also contests that statements made during prosecution (which form a part of the public record) "necessarily need to be considered by the court during claim construction."  Id.

[73]  35 U.S.C. § 311(b).

*partes* review probably result[] in an even higher likelihood than under the prior standard that the issues in this action will be simplified by the reexamination. . . . On the other hand, if the USPTO rejects the *inter partes* requests, the stay will be relatively short.[74]

This factor weighs in favor of a stay.

### c. undue prejudice and tactical considerations

With respect to whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party, apart from emphasizing the timing of Mobotix's decision to seek *inter partes* review and a stay, e-Watch asserts the parties are "Direct Competitors" and stresses it has sought permanent injunctive relief such that "[i]f Mobotix is found to infringe, a stay will not only compound Plaintiff's damages during the course of the stay, but will cause Plaintiff irreparable injury that is not compensable by money damages."[75] Plaintiff's response submits "examples of products that e-Watch sells which practice one or more of the claims of the patents-in-suit" and "examples of Mobotix products alleged to infringe the patents-in-suit."[76]

But, as observed by Mobotix, e-Watch has not submitted evidence to show "the parties have ever competed for a sale or in any way are 'direct competitors.'"[77] Although Mobotix has the burden of proof on its motion for stay, e-Watch relies on its averments in its second amended complaint as supplemented by visual depictions of allegedly infringing, and arguably competing,

---

[74] No. SACV 12-21-JST (JPRx), 2012 WL 7170593, at *3 (C.D. Cal. Dec. 19, 2012) (citation omitted).

[75] Docket no. 24 at 6.

[76] Id., and exs. 5, 6.

[77] Docket no. 25 at 4 n.1.

products. Plaintiff does not identify _how_ it will be injured if the Court grants a stay.[78] If the

parties are not direct competitors, the injunctive relief e-Watch seeks in this case could be

considered to be prophylactic, with a possible award of monetary damages affording arguably

adequate protection for the delay to be interjected into the case by a stay in favor of _inter partes_

review. Nevertheless, even if the parties are direct competitors, as they were in Capriola

Corporation v. LaRose Industries, LLC, as the United States District Court for the Middle

District of Florida found in that case, "if the PTO declines _inter partes_ review, little time is lost,

but if [the] PTO grants _inter partes_ review, the promise is greater for an important contribution

by the PTO to resolution of the governing issues in the litigation."[79]

Further, courts have held that "'the mere fact and length of any delay . . . does not

demonstrate prejudice sufficient to deny [a] request for a stay.'"[80] Unlike some of the cases cited

by Mobotix in support of its request for a stay, as noted above, there was some delay in Mobotix

seeking to stay this case in favor of _inter partes_ review. The Court has noted Mobotix's

argument that "the Patents-in-Suit issued in 2005, 2006, 2007, and 2010, respectively" such that

e-Watch waited more than six _**years**_ to assert the earliest of the Patents-in-Suit."[81] But, once the

case was filed, it was Mobotix that waited months to _seek_ _inter partes_ review, not e-Watch; it

---

[78] See Semiconductor Energy Lab., 2012 WL 7170593, at *3 (attached at docket no. 22, Swider Decl., ex. D).

[79] No. 8:12-cv-02346, order (M.D. Fla. Mar. 11, 2013) (attached at docket no. 22, Swider Decl., ex. E).

[80] Semiconductor Energy Lab., 2012 WL 7170593, at *3 (citation omitted) (attached at docket no. 22, Swider Decl., ex. D).

[81] Docket no. 25 at 4 n.1 (emphasis in original).

was Mobotix that received the arguable advantage of receiving e-Watch's disclosure of asserted claims, infringement contentions, and documents before filing a petition for *inter partes* review; and it is Mobotix that seeks to prevent e-Watch from receiving arguable parity by receiving Mobotix's disclosure of invalidity contentions and documents before responding to any *inter partes* review petitions for a patent-in-suit. Finally, again, the record shows that Mobotix has filed only one petition for *inter partes* review and the USPTO has not agreed to review any patent-in-suit in an *inter partes* review proceeding. In sum, this factor weighs in favor of a stay, but, as discussed below, a provisional stay.

### d. conclusion

Although this case is in its relatively early stages, the Court has no interest in requiring the parties to prepare and file a joint claim construction statement or holding a claim construction hearing—the next intervals addressed in the agreed scheduling order—for patent claims that may be limited, changed or invalidated by the USPTO. Nevertheless, Mobotix only represents it will file *inter partes* review petitions for each of the patents-in-suit and will do so by June 7, 2013, and the USPTO has not agreed to the *inter partes* review of any patent-in-suit. Given that Mobotix admittedly benefitted from receiving e-Watch's infringement disclosures before filing the *inter partes* review petition for the '183 patent, Mobotix has not satisfactorily explained why e-Watch would not benefit from receiving Mobotix's invalidity disclosures before this case is stayed (and before e-Watch might answer any *inter partes* review petition). The granting of a stay of all further proceedings before Mobotix makes its invalidity disclosures, as requested by Mobotix, would appear to provide Mobotix the "clear, and unwarranted, tactical advantage"

criticized in <u>Cooper Notification, Inc. v. Twitter, Inc.</u>[82]  The initial provisional stay recommended

in this report comports with e-Watch's concession it would "consider whether a stay is

appropriate" if the PTAB institutes review[83] and with Mobotix's fall-back request that the court

stay this case "at least until the PTAB determines whether to institute IPR proceedings."[84]

## B.    Mobotix's Invalidity Disclosures

The scheduling order provides, among other things, that e-Watch was required to serve its

disclosure of asserted claims, infringement contentions, and documents by March 29, 2013;

Mobotix is to serve its disclosure of invalidity contentions and documents by June 14, 2013; and

e-Watch's opening claim construction brief is to be filed by January 7, 2014, with responsive

briefing to be filed thereafter.[85]  The scheduling order also provides that a <u>Markman</u> hearing will

be held at a date to be determined following the close of briefing on claim construction.[86]  In

support of its motion for stay, an attorney for Mobotix testifies that e-Watch's infringement

contention disclosure was served on March 29, 2013; as of that time, the parties have not

exchanged any written discovery; no depositions have been noticed or taken; no experts have

been identified or testified; and the parties have not agreed to or filed any protective order.[87]

In its motion for stay, Mobotix cites district court cases from other federal circuits in

---

[82]  Civ. No. 09-865-LPS, 2010 WL 5149351, at *3-*5 (D. Del. Dec. 13, 2010).

[83]  <u>See</u> docket no. 22, Swider Decl., ex. F.

[84]  Docket no. 25 at 6.

[85]  Docket no. 20.

[86]  <u>Id.</u>

[87]  Docket no. 22, Swider Decl. at 2, ¶¶ 6-9.

which the district court litigation was stayed when petitions for *inter partes* review had been filed

with the USPTO.[88]   In one of the cases, <u>Board of Trustees of the University of Illinois v. Micron</u>

<u>Technologies, Inc.</u>, the court granted the parties' <u>*joint*</u> motion for emergency stay of the case,

including both contract and patent claims, based on Micron's stated intention to file an *inter*

*partes* review petition.[89]   In the other three cases, it is not clear the parties raised the issue of

parity in initial disclosures before ordering a stay based on *inter partes* review.[90]   In one of the

cases, <u>Semiconductor Energy Laboratory Company</u>, defendant waited "three to four months from

receiving the claim contentions and voluminous documents from plaintiff" before filing a

petition for *inter partes* review, presumably sufficient time for the invalidity disclosures to be

made under the applicable scheduling order or sufficient notice for the parties to raise the issue of

parity in disclosures in connection with the proposed stay.[91]

---

[88]   Docket no. 22 at 5-6 (citing <u>Bd. of Trustees of the Univ. of Ill. v. Micron Techs., Inc.</u>, No. 2-11-CV-2288, text order dated Aug. 24, 2012 (C.D. Ill. Aug. 24, 2012) (attached at docket no. 22, Swider Decl., ex. B); <u>Clearlamp, LLC v. LKQ Corp.</u>, No. 12-CV-2533, transcript of proceedings (N.D. Ill. Oct. 18, 2012) (attached at docket no. 22, Swider Decl., ex. C); <u>Semiconductor Energy Lab. Co.</u>, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) (attached at docket no. 22, Swider Decl., ex. D); <u>Capriola Corp. v. LaRose Indus., LLC</u>, No. 8:12-cv-02346, order (M.D. Fla. Mar. 11, 2013) (attached at docket no. 22, Swider Decl., ex. E)).

[89]   No. 2-11-CV-2288, text order dated Aug. 24, 2012 (C.D. Ill. Aug. 24, 2012) (attached at docket no. 22, Swider Decl., ex. B).

[90]   <u>Clearlamp</u>, No. 12-CV-2533, transcript of proceedings at 4 (N.D. Ill. Oct. 18, 2012) (attached at Swider Decl., ex. C) (parties discuss plaintiff's preference that "infringement depositions and inspection . . . go forward," but not defendant's "discovery"); <u>Semiconductor Energy Lab. Co.</u>, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) (attached at docket no. 22, Swider Decl., ex. D); <u>Capriola</u>, No. 8:12-cv-02346, order (M.D. Fla. Mar. 11, 2013) (attached at docket no. 22, Swider Decl., ex. E).

[91]   <u>Semiconductor Energy Lab.</u>, 2012 WL 7170593, at *3 (attached at docket no. 22, Swider Decl., ex. D).   The decision and Swider's declaration do not make it clear whether in the "three to four" month period, defendant made its reciprocal invalidity disclosures in district

In its reply brief, Mobotix cites two district court cases from other federal circuits in support of its argument that "courts have granted motions to stay before service of [defendant's] invalidity contentions."[92] In Star Envirotech, Inc. v. Redline Detection, LLC, defendant's motion for stay was filed before the parties submitted a joint proposed scheduling order and before the parties exchanged their infringement and invalidity contentions.[93] Here, Mobotix filed its motion for stay after e-Watch served its infringement contentions, but before Mobotix served its invalidity contentions. In Pragmatus Telecom, LLC v. NETGEAR, Inc., the Court ordered the stay on May 13, 2013.[94] But, according to the case management statement submitted by the parties in Pragmatus on or about February 27, 2013, Pragmatus proposed that defendant make its invalidity disclosures "[i]n accord with the patent local rules," and defendant proposed to make its invalidity disclosures on or before June 14, 2013.[95] But, the copy of the case management plan Mobotix submits as an exhibit to its reply is not signed by the judge and does not show what disclosures, if any, were made pursuant to the case management plan before the stay was implemented.[96] Significantly, the case management statement in Pragmatus states that, at the

_____

court. Id.

[92] Docket no. 25 at 2-3.

[93] No. 8:12-cv-1861, joint scheduling conference report and order (C.D. Cal. Feb. 11, 2013 and Apr. 3, 2013) (attached at docket no. 22, Swider Decl., ex. G, and docket no. 25, Swider Decl. II, ex. J).

[94] No. C 12-6198 SBA (N.D. Cal. May 13, 2013) (attached at docket no. 25, Swider Decl. II, ex. K).

[95] No. C 12-6198 SBA (N.D. Cal. Feb. 27, 2013) (attached at docket no. 25, Swider Decl. II, ex. L at 7).

[96] Id., ex. L at 12.

time of the statement's submission, defendant had "moved to stay this action pending the validity of the Patents-in-Suit."[97]  Thus, the parties in <u>Pragmatus</u> were in a position to enter into agreements about disclosures before the ruling on the stay.  Here, there is no indication the parties conferred about disclosures before Mobotix filed its petition for *inter partes* review of the '183 patent and asked for a stay.

As Mobotix acknowledges, the invalidity disclosures it would file in this case would appear to be closely related to the matters to be addressed in the *inter partes* review proceedings it represents it will initiate for each of the patents-in-suit.  Mobotix argues that e-Watch's infringement disclosures were, and are, important to Mobotix in preparing its *inter partes* review petitions.  Mobotix does not demonstrate those disclosures would not be important to e-Watch in responding to the *inter partes* review petitions.  That Mobotix is required to make invalidity disclosures before any stay might be implemented would provide for parity between the sides and appear likely to benefit the parties and the Court when assessing the status of the case at the time of lifting any stay.

In sum, Mobotix is required to make its invalidity disclosures in accordance with the scheduling order before any stay in this case is ordered.  The Court has considered Mobotix's contention and argument that

> Mobotix certainly can meet this [June 14] deadline, if necessary, but requiring Mobotix to actively work on its litigation defense while the IPRs are pending runs counter to Congress' intention that validity disputes be redirected from the courts to the USPTO.[98]

---

[97]  <u>Id.</u>, ex. L at 3.

[98]  Docket no. 22 at 3.

To ensure parity between the sides regarding initial disclosures—disclosures which should assist both sides in their submissions in the USPTO—the Court finds no inconsistency with the purposes of the amended patent reexamination procedure Mobotix has elected to invoke with respect to the '183 patent and intends to invoke for each of the patents-in-suit.

## C.    e-Watch's Pending Discovery

Mobotix notes in its reply brief that e-Watch served its first discovery requests on Mobotix on May 13, 2013, one week after Mobotix filed its motion for stay.[99]  Mobotix represents the discovery "includes 19 numbered interrogatory requests, including numerous sub-parts" and "41 separate requests for production."[100]  Among other things, the requests ask for information relating to Mobotix's "invalidity claims."[101]

This report requires Mobotix to make its invalidity disclosures by June 14, 2013.  Thus, before any stay might be implemented by this Court, there will be parity between the sides regarding initial disclosures.  But, if each of the patents-in-suit will become the subject of *inter partes* review proceedings, the parties appear to agree they will be able to pursue discovery during the *inter partes* review proceedings.[102]  Further, although the record is not clear, Mobotix's invalidity disclosures to be served by June 14, apparently will moot, as a practical matter, some of the discovery requests at issue.  Even though, as e-Watch argues, "the scope of

---

[99]  Docket no. 25 at 6.

[100]  Id., and Swider Decl. II at 1-2, ¶ 3.

[101]  Id.

[102]  Mobotix's reply, docket no. 25, does not contest e-Watch's representation that "[a]n *inter partes* review now allows the parties to conduct discovery, including depositions, and to use expert witnesses.  See[] 27 C.F.R. 42.51 et seq.," docket no. 24 at 12.

the issues before the District Court is wider than before the USPTO" such that a stay in discovery in this case may require the parties to engage in "duplicative discovery when the stay is lifted,"[103] if the *inter partes* proceedings result in the invalidity of any patent-in-suit, discovery pursued in this court could be superfluous.

In sum, Mobotix should be excused from responding to e-Watch's May 13, 2013 interrogatories and requests for production of documents pending further order of the Court. Plaintiff will be able to pursue discovery in any *inter partes* review accepted by the USPTO. Until the *inter partes* proceedings have concluded, the time and money collecting, producing, and reviewing documents and information may serve no useful purpose in this case.

## V. ORDER and RECOMMENDATIONS

Based on the foregoing discussion, it is **ordered and recommended** that defendant Mobotix Corp's Motion for Immediate Stay Pending *Inter Partes* Review at the U.S. Patent and Trademark Office[104] be **GRANTED in part and DENIED in part**:

- to the extent Mobotix's request for an immediate stay is a request that the scheduling order[105] be suspended or vacated immediately such that Mobotix is not required to make its disclosure of invalidity contentions and documents by June 14, 2013, subject to any further order of the Court, it is **ordered** that Mobotix's request for a stay is **denied**;

- to the extent Mobotix's request for an immediate stay is a request that Mobotix be excused from responding to e-Watch's interrogatories and requests for production of documents served on May 13, 2013, subject to any further order of the Court, it is **ordered** that Mobotix's request for a stay is **granted**;

---

[103] Id.

[104] Docket no. 22.

[105] Docket no. 20.

- in all other respects, it is **recommended** that Mobotix's request for a stay should be **provisionally granted** pending further order of the Court; that is, specifically, after Mobotix serves its invalidity disclosures on or before June 14, 2013, as required by the scheduling order and the foregoing order in this report, all other unexpired deadlines in the scheduling order should be **suspended** pending further order of the Court; if Mobotix has not filed petitions for *inter partes* review for each of the patents-in-suit by Friday, June 7, 2013, the parties must so advise the Court no later than **Friday, June 21, 2013**, in joint or separate advisories that provide the parties' position(s) on whether, and to what extent, the provisional stay should be lifted due to Mobotix's decision not to pursue *inter partes* review of any patent-in-suit as represented in its motion for stay; otherwise, if no advisories are filed on or before Friday, June 21, 2013, this case will be immediately **stayed** and **administratively closed,** nunc pro tunc as of June 14, 2013, pending further order of the Court; the parties must file joint or separate advisories within **thirty (30) calendar days** of the conclusion of *inter partes* review of each patent-in-suit providing the Court notice of the conclusion of the proceedings, the parties' position(s) on whether an appeal of the *inter partes* review decision will be pursued, an estimate on the time required for any appellate proceedings, and any other relevant matters (to include a brief report on the status of any other *inter partes* review proceeding then pending before the PTAB or on appeal); unless and until the Court orders otherwise, the stay of this case will continue through the conclusion of any appellate proceedings regarding any patent-in-suit.

## VI.  INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT/APPEAL

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either: (1) electronic transmittal to all parties represented by an attorney registered as a Filing User with the Clerk of Court pursuant to the Court's Procedural Rules for Electronic Filing in Civil and Criminal Cases; or (2) by certified mail, return receipt requested, to any party not represented by an attorney registered as a Filing User.  As provided in  28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b), any party who desires to object to this Report must **file** with the District Clerk and **serve** on all parties and the Magistrate Judge written Objections to the Report and Recommendation within **14 days** after being served with a copy, unless this time

period is modified by the District Court.

A party filing Objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Report will bar the party from receiving a *de novo* determination by the District Court.[106] Additionally, a party's failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Report will bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[107]

**SIGNED** and **ENTERED** this 21st day of May, 2013.

**PAMELA A. MATHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[106] See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).

[107] Acuna v. Brown & Root Inc., 200 F.3d 335, 340 (5th Cir. 2000); Douglass v. United Serv. Auto. Ass'n., 79 F.3d 1415, 1428 (5th Cir. 1996).