

Slater & Matsil, L.L.P.
BRIDGING LAW AND TECHNOLOGY

17950 Preston Road | Suite 1000 | Dallas, TX 75252

(972) 732-1001
(972) 732-9218 fax
www.slater-matsil.com

**FILED**

JUL 1 2 2013

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

July 2, 2013

Via e-mail: Pamela_Mathy@txwd.uscourts.gov

Judge Pamela A. Mathy
U.S.D.C. Western District of Texas
San Antonio Division
655 E. Cesar E. Chavez Blvd.
San Antonio, TX 78206

Re: *e-Watch, Inc. v. Mobotix Corp*, No. 5:12-cv-492-FB-PMA,
in the Western District of Texas, San Antonio Division

Dear Judge Mathy,

Defendant Mobotix Corp. ("Mobotix") requests clarification from the Court that Mobotix has no obligation to respond to the Motion to Compel Production of Disclosures filed by Plaintiff e-Watch, Inc. ("e-Watch") on June 27, 2013 ("the Motion," Docket No. 30). Because this case is stayed and administratively closed, and because e-Watch failed to meet and confer in good faith to resolve the dispute before filing the Motion, Mobotix requests clarification from the Court that no response need be filed, at least during the pendency of the present stay. To provide context and background, Mobotix briefly lays out the cogent facts in the following paragraphs.

By an Order Accepting Report and Recommendation of the United States Magistrate Judge, entered June 14, 2013 ("the Order," Docket No. 28), the present case has been stayed and administratively closed. Under the Order, Mobotix was instructed to serve its invalidity contentions on e-Watch by June 14, but Mobotix was excused from responding to any discovery requests. Any further activity in the case was stayed pending resolution of the Petitions for *Inter Partes* Review that have been filed on each of the four asserted patents.

Mobotix served its invalidity contentions on June 14, 2013. Specifically, Mobotix served separate and detailed claims charts identifying 79 different prior art references or combinations of references, totaling more than 350 pages of charts. Mobotix further identified over 100 additional references (including both patent publications and non-patent literature) and pointed out the relevance of those references to the asserted claims. Mobotix provided copies of each of these references. Mobotix also served detailed contentions outlining why the asserted claims are invalid under 35 U.S.C. § 112. Along with the invalidity contentions, Mobotix served upon e-Watch documents in its possession sufficient to show how the accused instrumentalities operate, as required under the Agreed Scheduling Order. Finally, Mobotix expressly reiterated its ongoing willingness to provide any responsive confidential documents once a protective order is entered by the Court. In short, Mobotix believes it has fully complied with the Order and has



provided to e-Watch all relevant information pertaining to its contentions regarding invalidity of the asserted claims.

At no time since the invalidity contentions were served has e-Watch identified to Mobotix a single deficiency or concern regarding the invalidity contentions. In fact, e-Watch has not communicated in any manner with Mobotix since the invalidity contentions were served. Rather, e-Watch unilaterally filed its Motion on June 27, 2013, without any attempt to meet and confer with counsel for Mobotix. Had e-Watch made an attempt to meet and confer, counsel for Mobotix would have reiterated its long-standing willingness to produce confidential documents in its possession once a protective order that addresses Mobotix's concerns is entered.

A protective order is particularly necessary in this case for two reasons. First, discovery (when and if the present stay is lifted) may involve production of highly confidential source code. Since e-Watch claims to be a competitor of Mobotix, it is appropriate that heightened protection for source code be provided for in the protective order, but such protection is lacking in the Western District of Texas standard Protective Order. Second, a so-called prosecution bar is necessary in a patent litigation protective order because such litigation carries with it a risk that one party's confidential technical information will be (inadvertently or intentionally) used to the other party's unfair advantage in later Patent Office proceedings including any filed patent applications. The risk in the present litigation is particularly high because e-Watch's lead litigation counsel has made an appearance in the *Inter Partes* Review proceedings. While restrictions on use of confidential information in Patent Office proceedings are standard practice in patent litigation, the Western District of Texas standard Protective Order is completely silent on this point.

Mobotix presented to e-Watch a draft Protective Order modeled on the Western District of Texas standard Protective Order on March 6, 2013 (revised on June 6, 2013, to address the fact that e-Watch's litigation counsel had made an appearance in the *Inter Partes* Review proceedings). Besides an off-hand comment that the proposed draft was "unacceptable," e-Watch has not provided a single substantive response, has not identified a single objectionable clause, and has failed to propose any alternative language to address Mobotix's legitimate concerns.

On June 28th, counsel for Mobotix sought to address the above issues by telephone call, but was unable to reach e-Watch's counsel. Counsel for Mobotix left contact information and offered to be available over the weekend to address these concerns, but received no response. By email letter of the same date (copy attached), counsel for Mobotix, (a) requested e-Watch withdraw the Motion to Compel, (b) alternatively sought e-Watch's written agreement that the date for responding to the Motion would be calculated from the date the present stay is lifted, and (c) again provided the draft protective order and requested a substantive response to same. By telephone conference on July 1st, counsel for e-Watch declined to withdraw the motion, declined to agree that the response would be calculated form the date the stay is lifted, and declined to provide a revised draft of the protective order.



Because a response to the Motion may be due as early as this Fourth of July weekend, Mobotix reluctantly brings this matter to the Court's attention seeking immediate clarification. Specifically, Mobotix requests the Court clarify that (1) no response is due to the Motion during the pendency of the stay, and (2) the time frame for responding to the Motion will be calculated from the date the stay is lifted.

Sincerely,
SLATER & MATSIL, L.L.P.

Steven H. Slater

Enc.

cc: Shawn Staples (via e-mail: wsstaples@stanleylaw.com)
    Bill Nash (via e-mail: Bill.Nash@haynesboone.com)

## Natalie Swider

| | |
|---|---|
| **From:** | Steve Slater |
| **Sent:** | Friday, June 28, 2013 6:12 PM |
| **To:** | wsstaples@stanleylaw.com |
| **Cc:** | Michael Kucher; Natalie Swider; Nash, Bill |
| **Subject:** | e-Watch v Mobotix |
| **Attachments:** | Protective Order v2.docx; Letter to Shawn Staples 28Jun2013.pdf |

Shawn,

Please see the attached.

Steve Slater


Slater & Matsil, L.L.P.
Suite 1000
17950 Preston Road
Dallas, Texas 75252
972.707.9004
972.732.9218 (fax)


Slater & Matsil, L.L.P.
BRIDGING LAW AND TECHNOLOGY

17950 Preston Road | Suite 1000 | Dallas, TX 75252

(972) 732-1001
(972) 732-9218 fax
www.slater-matsil.com

June 28, 2013

Mr. W. Shawn Staples
Stanley Frank & Rose, LLP
7026 Old Katy Rd.
Suite 259
Houston, TX 77024

    Re:    *e-Watch, Inc. v. Mobotix Corp*, No. 5:12-cv-492-FB,
            in the Western District of Texas, San Antonio Division

Dear Shawn,

    As you know, I represent Mobotix Corp. ("Mobotix") in the captioned litigation. I tried to reach you by phone today, but you were unavailable. For reasons that will be clear upon reading of this letter, I ask that you provide a written response to me no later than 3:00 p.m. Monday, July 1, 2013.

    I am writing to request that you withdraw the Motion to Compel Production of Disclosures filed by e-Watch on June 27, 2013 ("the Motion"), for several reasons. Foremost, your representation to the Court notwithstanding, e-Watch has not met its obligation to meet and confer on this discovery dispute before you filed the Motion. Second, the Motion is improper because the present litigation has been stayed and administratively closed since June 14, 2013. Finally, the Motion is premature, at best, as you have yet to provide a substantive response to the draft Protective Order sent to you March 6, 2013, and again on March 19, 2013, or the modified draft sent to you on June 6, 2013.

    Regarding the meet and confer obligation, my records indicate that at no time has e-Watch informed Mobotix it intends to file a Motion to Compel or otherwise addressed the substance of the Motion. I have no record that e-Watch has at any time informed Mobotix of any perceived deficiencies in the invalidity contentions served by Mobotix on June 14, 2013. Surely, if the invalidity contentions were as deficient as e-Watch now claims, this should have been communicated to Mobotix in a good faith attempt to address your concerns. In fact, I am unaware of any communications whatsoever between counsel for e-Watch and Mobotix since Mobotix served its invalidity contentions. I really question how e-Watch can represent to the Court that it has met and conferred with Mobotix under these circumstances.

    As you will recall, the last time the parties even communicated regarding the Protective Order was June 13, 2013. At that time, Mobotix clearly indicated its willingness to negotiate in



good faith to reach a mutually acceptable Protective Order. Specifically, we informed you at that time, "Our records show we provided a proposed protective order on March 6, 2013, modeled off the TXWD standard protective order. . . . It is imperative that the proposed additions to the standard protective order be implemented in order to adequately protect Mobotix's interests. Mobotix will not produce any confidential documents until a protective order addressing these concerns has been entered by the Court. If you have any specific objections to the proposed protective order, we are happy to discuss those at your convenience." (Natalie Swider email of June 13, 2013 to Shawn Staples.)

Considering that Mobotix has expressly indicated its willingness to produce the requested information under a mutually acceptable Protective Order, and considering that e-Watch has yet to respond in any way to our email of June 13, 2013, we request that you immediately withdraw the Motion and enter into a good faith conference with Mobotix in order to resolve any outstanding issues regarding the proposed Protective Order previously sent to you. For your convenience, I have once again included a copy of our last proposed Protective Order for your reference. I am available to discuss e-Watch's concerns regarding this draft any time during the afternoon of July 2nd, or any time July 3rd.

The Motion is also improper because the present litigation has been stayed and administratively closed since June 14, 2013, as imposed by the Order Accepting Report and Recommendation of the United States Magistrate Judge, entered June 14, 2013 (Docket No. 28). I am not aware of any authority by which a Court may or will rule upon a discovery dispute in a case that has been stayed and administratively closed. Mobotix does not believe it has any obligation to respond to the Motion until and unless the present stay is lifted. I admit, however, that this is a case of first impression for me. I propose that we agree that the date for Mobotix's response to the Motion shall be calculated from the date the stay is lifted (rather than the date the Motion was filed). If e-Watch agrees, I will file an unopposed motion for extension of time to respond to the Motion requesting this. If e-Watch is unwilling to agree, I will be compelled to seek guidance from the Court in order to protect Mobotix's rights. For this reason, I would like your written response to this proposal by 3:00 p.m. on July 1st.

Finally, I reluctantly reiterate the history that has led us to this juncture:

- On March 6, 2013, we sent to you a draft Protective Order modeled on the Western District of Texas standard Protective Order;
- On March 19, 2013, in response to your then newly expressed desire to use the Western District of Texas standard Protective Order as the model (which we in fact had done), we sent to you a redlined version of our draft Protective Order showing how we had deviated from the Western District of Texas standard Protective Order. In particular, we amended the standard order to address the confidentiality of produced source code, and to add a patent prosecution bar; both typical terms for patent litigation, but both lacking in the standard order.
- On June 6, 2013, in response to your May 23, 2013 appearance as attorney of record in the recently filed Petition for *Inter Partes* Review of U.S. Patent No. 6,970,183, we



- provided a revised draft of the Protective Order that modified the prosecution bar provision to address that fact.
- On June 13, 2013, you stated in an email, "As I have also mentioned previously the changes you are suggesting are unacceptable." As we have not received the alluded to communications, we are left to wonder: What changes are unacceptable? Why are they unacceptable? Are you willing to identify specific words you find objectionable? Are you willing to identify specific phrases or sentences you find objectionable? Would you perhaps be willing to identify by section number the cause of your objection? If this is simply a matter of word-smithing, feel free to propose alternative language. If, on the other hand, you are unwilling to contemplate protections for source code and/or safeguards against misuse of confidential information in the patent prosecution arena, then tell us that. In either event, we have been waiting for almost four months for a response that is more informative than "unacceptable."

In light of the above, I repeat my request that you immediately withdraw the Motion and engage in a good faith effort to draft a mutually agreeable Protective Order. I will note that the provisions we have proposed to you are commonly used in patent litigation and have been entered by numerous district courts, including several district courts in Texas. While we are confident that the draft Protective Order we have proposed to you is necessary, appropriate, and reasonable, we remain – even after four months of waiting – ready, willing, and able to consider any revisions you would care to suggest.

Again, I would appreciate the courtesy of a response by July 1st in order to ensure we have adequate time to seek guidance from the Court and prepare a response, if necessary. In a voice mail this afternoon, I left you my cell phone number. You may feel free to call me during the weekend if that is convenient for you.

Best regards,
SLATER & MATSIL, L.L.P.

Steven H. Slater

SHS/kr