# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| E-WATCH, INC., <br><br>  Plaintiff, <br><br> v. <br><br> MOBOTIX CORP., <br><br>  Defendant. | CIVIL ACTION NO. SA-12-CA-492-FB |

## ORDER

Came on this day to be considered the status of this case. On June 14, 2013, the Court stayed and administratively closed the case pending further order of the Court, and directed the parties to file joint or separate advisories within 30 calendar days of the conclusion of inter partes review of patents-in-suit.[1] On April 30, 2014, e-Watch's attorney of record filed a motion to withdraw as counsel.[2] The same day, the Court entered an order approving the motion and allowing the attorney to withdraw.[3] The order directed plaintiff to retain new counsel who was required to file an appearance within sixty days of the date of the order "or show cause why this case should not be dismissed."[4]

After the expiration of the 60day period, when no notice of an appearance from an attorney for e-Watch or other response to the order to show cause had been filed, on July 1, 2014, the Court

---

[1] Docket no. 28.

[2] Docket no. 35.

[3] Docket no. 36.

[4] Id. at 1.

entered a further order to show cause that: (a) required e-Watch, on or before July 14, 2014, to show cause why each of e-Watch's claims and requests for relief should not be dismissed based on e-Watch's failure to secure representation from a licensed attorney able to practice in this Court who has filed a notice of appearance in this case and/or timely respond to the April 30 order to show cause and the July 1, 2014 order to show cause; and (b) directed Mobotix, on or before July 22, 2014, to file an advisory to state whether it agreed its counterclaims and requests for relief against e-Watch could be dismissed without prejudice so that this entire case can be dismissed and closed.[5] The record shows e-Watch again failed to respond to the order to show cause, notwithstanding an express advisement in the July 1 order that each of its claims could be dismissed based on a failure to respond.[6]

On July 22, 2014, Mobotix filed a response to the order to show cause to state, in sum, it had no objection to the dismissal of its counterclaims and requests for relief without prejudice.[7] Specifically, Mobotix represents "Mobotix has no opposition to the dismissal *without prejudice* of its counterclaims against e-Watch if, in fact, e-Watch's claims and requests for relief are dismissed *with prejudice*" based on e-Watch's failure to secure representation by a licensed attorney and timely respond to the Court's orders to show cause.[8]

---

[5] Docket no. 37.

[6] See docket no. 37 at 2.

[7] Docket no. 38.

[8] Id. at 2 (emphasis in original).

2

Upon consideration thereof,

**IT IS ORDERED** that the case is hereby reopened and reinstated on the Court's docket.

**IT IS FURTHER ORDERED** that each of the claims and requests for relief asserted by the plaintiff e-Watch is **DISMISSED with prejudice** pursuant to rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with Court orders and each of the counterclaims asserted by defendant Mobotix Corp. is **DISMISSED Without prejudice**. The District Clerk's Office is directed to enter final judgment accordingly to close this case.

It is so ORDERED.

SIGNED this 29th day of September, 2014.

_____
FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE